JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 16-CV-03266 RGK (JPRx) | Date | July 21, 2016 |
|---|---|---|---|
| Title | *Velma Searcy v. 3M Company, et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |
|---|---|

| Sharon L. Williams (Not Present) | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order re: Plaintiff's Motion to Remand (DE 57)**

    On March 1, 2016, Velma Searcy ("Plaintiff") filed a personal injury complaint against numerous defendants, including Hexcel Corporation ("Hexcel"), in state court. The complaint arises out of allegations relating to Plaintiff's exposure to asbestos and subsequent physical and mental injury resulting from such exposure. On May 12, 2016, Hexcel removed the action to federal court pursuant to 28 U.S.C. §1442(a), on federal officer grounds.

    Plaintiff now moves for remand based, in part, on the ground that Hexcel did not timely remove the action within thirty days from the date it first ascertained that the case was removable.

    A defendant may remove a case from state court when federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts must "strictly construe the removal statue against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Where there is a basis for removal and the defendant wishes to remove the case, the defendant must file its notice of removal within thirty days after service of the original complaint or, if the case as stated therein is not removable, within thirty days of receiving an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is removable. 28 U.S.C. §1446(b)(1) and (b)(3). The strong presumption against removal jurisdiction places the burden on the defendant to show by a preponderance of the evidence that removal is proper. *Id.* at 566-67.

Here, court records show that Hexcel filed its Answer on March 30, 2016. In its Answer, Hexcel asserted defenses that relied, in part, on a theory that Hexcel was a government contractor. Based on these facts, the Court finds that by March 30, 2016, at the latest, Hexcel knew of its §1442(a) ground for removal. As such, the Court also finds Hexcel's May 12, 2016 removal of this action untimely.

Based on the foregoing, the Court remands the action in its entirety to state court.

**IT IS SO ORDERED.**

:

**Initials of Preparer**